IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLAUS SCHUBERT )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>AMERICAN FAMILY )<br>MUTUAL INSURANCE COMPANY )<br>)<br>Defendants ) | 08 C 1242 |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the plaintiff, **KLAUS SCHUBERT**, by his attorneys, **SCHROEDER & SCHROEDER** and for his complaint against defendant **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, (hereinafter referred to as **AMERICAN**) states as follows:

### COUNT I

1. That American is a company organized in the State of Wisconsin.

2. That American is licensed to do business in the State of Illinois.

3. That American provides health insurance products to citizens of the State of Illinois.

4. That the plaintiff, Klaus Schubert is a citizen of the State of Illinois.

5. That Klaus Schubert was married to Judith M. Schubert on May 6, 1972 in Park Ridge, Cook County, Illinois.

6. That Judith M. Schubert died on May 9, 2007. (See attached death certificate marked Exhibit "A")

7. That on or about April 20, 1980 American issued a "family healthcare policy – a hospital, surgical and medical expense policy, " policy number 12E 13005-01-IL to the plaintiff, Klaus Schubert and his spouse, Judith M. Schubert. (Exhibit "B")

8. That Klaus Schubert maintained said policy in force from April 20, 1980 until his 65th birthday on June 3, 2006 at which time he became eligible for medicare and Judith M. Schubert became the named insured.

9. That the policy of insurance identified as policy number 12E 13005-01-IL remained in full force and effect from April 20, 1980 until May 9, 2007 and all during this time Judith M. Schubert was an insured or named insured and entitled to the benefits of the policy.

10. That American charged a premium for said policy which was paid by the plaintiff.

11. That the policy of insurance issued by American had a maximum benefit of $100,000.00 to be applied as follows:

    " Subject to policy terms and to the deductible, if any, as shown hereon or in policy provisions, the Company will pay the percentage of the first $500 eligible expenses as shown hereon and one-hundred percent of those remaining up to the maximum benefit, as shown hereon, **for each accident or covered sickness**." (Emphasis supplied)

12. That in July 2003 Judith M. Schubert was diagnosed with cancer with an unknown primary resulting in medical treatment and surgery for the excision of a neck mass.

13. That in 2003 and 2004 Judith M. Schubert incurred medical expenses in excess of $100,000.00 for treatment of the cancer diagnosed in 2003 which American paid its benefit limit of $100,000.00.

14. That in October 2006 Judith M. Schubert was again diagnosed with cancer which resulted in medical treatment and surgery for the excision of a mediastinal mass.

15. That in 2006 and 2007 Judith M. Schubert incurred medical expenses in excess of $100,000.00 for the treatment of the cancer diagnosed in 2006.

16. That American has refused to pay and continues to refuse to pay any expenses related to the hospitalization, surgery and medical expenses incurred as a result of the cancer treatment in 2006 and 2007.

17. That American has refused to pay the expenses referred to in paragraph 15 on the basis that the policy of insurance provides **"per condition benefits."**  (See American Family Insurance Group letter dated April 24, 2007 and marked Exhibit C)

18. That the policy of insurance issued by American provides benefits for each **"covered sickness" and not "per condition."**

19. That the policy of insurance issued by American defines **"covered sickness"** as follows:

> "COVERED SICKNESS means sickness (including pregnancy, subject to special limitations described herein) contracted by an insured and commencing after the policy has been in force as to such insured not less than 30 days. As regards children born to the insured while the policy is in force, covered sickness means sickness contracted and commencing while the policy is in force as to such child. All sicknesses existing simultaneously shall be considered as a single covered sickness."

20. That Judith M. Schubert was hospitalized on February 9, 2007, March 4, 2007, April 13, 2007 and received medical treatment for various different ailments and incurred medical expenses in excess of $100,000.00.

21. That the American has limited its payments to $100,000.00 on the basis that the expenses referred to in paragraph 20 were all for the same **condition.** (See American Family Insurance Group letter dated September 17, 2007 and marked Exhibit "D")

22. That each of the hospitalizations referred to in Paragraph 20 and the medical treatment received were a separate **"covered sickness"** as defined by the policy and the plaintiff is entitled to full payment according to the terms of the policy.

23. That the plaintiff, Klaus Schubert, has become liable under the Family Expense Statute (750 ILCS 65/15) for all of the medical expenses that American has refused to pay.

Wherefore the plaintiff, **KLAUS SCHUBERT**, moves the court for judgment as follows:

1. Payment of $100,000.00 for all of the expenses incurred for the treatment of the cancer diagnosed in 2006.

2. Payment of all of the medical expenses incurred from February 9, 2007 until the date of death on May 9, 2007.

## COUNT II

1-23 The plaintiff repeats and realleges paragraphs 1 through 23 as set forth in Count I as and for paragraphs 1 through 23 for Count II.

24 That the defendant has committed acts that constitute improper claims practice all in violation of 215 ILCS 5/154.6 as follows:

   a. Knowingly misrepresented to its insured relevant facts or policy provisions relating to coverage at issue.
   b. Compelling its policyholder to institute a suit to recover amounts due under the policy.

      c. Refusing to pay claims under the policy without conducting a reasonable investigation.
      d. Failing to promptly provide a reasonable and accurate explanation of the basis for the denial of the plaintiff's claim.

25    That the defendant's actions were vexatious and unreasonable.

26    That the plaintiff is entitled to penalties and attorney's fees pursuant.

Wherefore the plaintiff, **KLAUS SCHUBERT**, moves the court for judgment as follows:

1    Penalties pursuant to 215 ILCS 5/155

2.    Attorneys fees pursuant to 215 ILCS 5/155

    /S/    John L. Schroeder

John L. Schroeder    Atty. No. 2508680
Carolyn A. Schroeder
Schroeder & Schroeder
Attorneys for Plainitff
1250 Executive Place
Suite 201
Geneva, Illinois 60134
jls@schroeder-lawfirm.com
630-262-9500