IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KLAUS SCHUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 1242 |
| | ) | |
| AMERICAN FAMILY | ) | Judge Aspen |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | Magistrate Judge Brown |
| Defendant. | ) | |

## AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter referred to as "AMERICAN FAMILY"), by and through its attorneys, Sean P. MacCarthy, Craig M. Bargher, and CHITTENDEN, MURDAY & NOVOTNY LLC, for its Answer to Plaintiff's First Amended Complaint at Law, states as follows:

### COUNT I

1.     That American is a company organized in the State of Wisconsin.

**ANSWER:**  AMERICAN FAMILY admits the allegation of Paragraph 1.

2.     That American is licensed to do business in the State of Illinois.

**ANSWER:**  AMERICAN FAMILY admits that it is authorized to transact insurance business in the State of Illinois.  AMERICAN FAMILY denies the allegations of Paragraph 2 to the extent they are inconsistent with its answer.

3.     That American provides health insurance products to citizens of the State of Illinois.

**ANSWER:**  AMERICAN FAMILY admits the allegations of Paragraph 3.

4.      That the plaintiff, Klaus Schubert is a citizen of the State of Illinois.

**ANSWER:**    AMERICAN FAMILY admits the allegations of Paragraph 4, on information and belief.

5.      That Klaus Schubert was married to Judith M. Schubert on May 6, 1972 in Park Ridge, Cook County, Illinois.

**ANSWER:**    AMERICAN FAMILY admits that Plaintiff was married to Judith M. Schubert, on information and belief.  AMERICAN FAMILY lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 and therefore demands strict proof thereof, or in the alternative, denies the remaining allegations of paragraph 5.

6.      That Judith M. Schubert died on May 9, 2007.  (See attached death certificate marked Exhibit "A")

**ANSWER:**    AMERICAN FAMILY admits the allegations of Paragraph 6, on information and belief.

7.      That on or about April 20, 1980 American issued a "family healthcare policy – a hospital, surgical and medical expense policy, " [*sic*] policy number 12E 13005-01-IL to the plaintiff, Klaus Schubert and his spouse, Judith M. Schubert. (Exhibit "B")

**ANSWER:**    AMERICAN FAMILY admits that AMERICAN FAMILY issued an insurance policy entitled "family healthcare policy – a hospital, surgical, and medical expense policy," policy number 12E 13005-01-IL, which was effective beginning April 29, 1980, and for which the named insured was Klaus Schubert and the spouse named was Judith M. Schubert. AMERICAN FAMILY denies the remaining allegations of paragraph 7 to the extent they are inconsistent with its answer.

8. That Klaus Schubert maintained said policy in force from April 20, 1980 until his 65th birthday on June 3, 2006 at which time he became eligible for medicare and Judith M. Schubert became the named insured.

**ANSWER:** AMERICAN FAMILY admits that Plaintiff maintained said policy in force from April 29, 1980 until June 1, 2006, at which time Judith M. Schubert became the named insured on policy number 12E 13005-01-IL. Because the phrase "at which time he became eligible for medicare" asserts a legal conclusion, AMERICAN FAMILY makes no answer thereto. AMERICAN FAMILY denies the remaining allegations of paragraph 8 to the extent they are inconsistent with its answer.

9. That the policy of insurance identified as policy number 12E 13005-01-IL remained in full force and effect from April 20, 1980 until May 9, 2007 and all during this time Judith M. Schubert was an insured or named insured and entitled to the benefits of the policy.

**ANSWER:** AMERICAN FAMILY admits that the policy of insurance identified as policy number 12E 13005-01-IL remained in full force and effect from April 29, 1980, until May 9, 2007, and all during this time Judith M. Schubert was an insured or named insured. AMERICAN FAMILY denies that "all during this time Judith M. Schubert was" "entitled to the benefits of the policy." AMERICAN FAMILY denies the remaining allegations of paragraph 9 to the extent they are inconsistent with its answer.

10. That American charged a premium for said policy which was paid by the plaintiff.

**ANSWER:** AMERICAN FAMILY admits the allegations of paragraph 10.

11. That the policy of insurance issued by American had a maximum benefit of $100,000.00 to be applied as follows:

> "Subject to policy terms and to the deductible, if any, as shown hereon or in policy provisions, the Company will pay the

percentage of the first $500 eligible expenses as shown hereon and one-hundred percent of those remaining up to the maximum benefit, as shown hereon, **for each accident or covered sickness**." (Emphasis supplied).

**ANSWER:** AMERICAN FAMILY admits the allegations of Paragraph 11.

12. That in July 2003 Judith M. Schubert was diagnosed with cancer with an unknown primary resulting in medical treatment and surgery for the excision of a neck mass.

**ANSWER:** AMERICAN FAMILY admits that Judith M. Schubert was diagnosed with cancer in July 2003. AMERICAN FAMILY lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining the allegations of paragraph 12, and therefore demands strict proof thereof, or in the alternative, denies the remaining allegations of paragraph 12.

13. That in 2003 and 2004 Judith M. Schubert incurred medical expenses in excess of $100,000.00 for treatment of the cancer diagnosed in 2003 which American paid its benefit limit of $100,000.00.

**ANSWER:** AMERICAN FAMILY admits the allegations of paragraph 13.

14. That in October 2006 Judith M. Schubert was again diagnosed with cancer which resulted in medical treatment and surgery for the excision of a mediastinal mass.

**ANSWER:** AMERICAN FAMILY admits, on information and belief, that in October 2006 Judith M. Schubert was diagnosed with cancer which resulted in medical treatment and surgery for the excision of a mediastinal mass. AMERICAN FAMILY denies the remaining allegations of paragraph 14 to the extent they are inconsistent with its answer.

15. That in 2006 and 2007 Judith M. Schubert incurred medical expenses in excess of $100,000.00 for the treatment of the cancer diagnosed in 2006.

4

**ANSWER:**    AMERICAN FAMILY admits, on information and belief, that in 2006 and 2007 Judith M. Schubert incurred medical expenses in excess of $100,000.00 for the treatment of cancer.  AMERICAN FAMILY denies the remaining allegations of paragraph 15.  AMERICAN FAMILY further answers that it properly denied Judith M. Schubert's claims for those medical expenses because it previously properly paid the maximum benefit under the policy for the same covered sickness.

16.    That American has refused to pay and continues to refuse to pay any expenses related to the hospitalization, surgery and medical expenses incurred as a result of the cancer treatment in 2006 and 2007.

**ANSWER:**    AMERICAN FAMILY admits that it has, properly, under the terms of the policy, refused to pay and continues to refuse to pay any expenses related to the hospitalization, surgery and medical expenses incurred as a result of the cancer treatment in 2006 and 2007.

17.    That American has refused to pay the expenses referred to in paragraph 15 on the basis that the policy of insurance provides **"per condition benefits."**  (See American Family Insurance Group letter dated April 24, 2007 and Marked Exhibit C)

**ANSWER:**    AMERICAN FAMILY admits that it has properly, under the terms of policy number 12E 13005-01-IL, refused to pay the expenses referred to in paragraph 15, and that the document attached to Plaintiff's Complaint at Law as Exhibit C contains the phrase "per condition benefits."  AMERICAN FAMILY denies the remaining allegations of paragraph 17 to the extent they are inconsistent with its answer.  AMERICAN FAMILY further answers that it properly denied Judith M. Schubert's claims for the medical expenses in paragraph 15 because it previously properly paid the maximum benefit under the policy for the same covered sickness.

18. That the policy of insurance issued by American provides benefits for each **"covered sickness" and not "per condition."**

**ANSWER:** AMERICAN FAMILY admits that policy number 12E 13005-01-IL contains the following provisions:

> Subject to policy terms and to the deductible, if any, as shown hereon or in policy provisions, the Company will pay the percentage of the first $500 eligible medical expenses as shown hereon and one-hundred percent of those remaining up to the maximum benefit, as shown hereon, for each accident or covered sickness.
>
> **COVERED SICKNESS*** means sickness (including pregnancy, subject to special limitations described herein) contracted by an insured and commencing after this policy has been in force as to such insured not less than 30 days. As regards children born to the insured while the policy is in force, covered sickness means sickness contracted and commencing while the policy is in force as to such child. All sicknesses existing simultaneously shall be considered as a single covered sickness.

AMERICAN FAMILY denies the allegations of paragraph 18 to the extent they are inconsistent with its answer.

19. That the policy of insurance issued by American defines **"covered sickness"** as follows:

> "COVERED SICKNESS [*sic*] means sickness (including pregnancy, subject to special limitations described herein) contracted by an insured and commencing after the [*sic*] policy has been in force as to such insured not less than 30 days. As regards children born to the insured while the policy is in force, covered sickness means sickness contracted and commencing while the policy is in force as to such child. All sicknesses existing simultaneously shall be considered as a single covered sickness."

**ANSWER:** AMERICAN FAMILY admits that policy number 12E 13005-01-IL contains the following language:

> **COVERED SICKNESS*** means sickness (including pregnancy, subject to special limitations described herein) contracted by an

6

> insured and commencing after this policy has been in force as to such insured not less than 30 days. As regards children born to the insured while the policy is in force, covered sickness means sickness contracted and commencing while the policy is in force as to such child. All sicknesses existing simultaneously shall be considered as a single covered sickness.

AMERICAN FAMILY denies the language quoted in paragraph 19 is quoted accurately. AMERICAN FAMILY denies the allegations of paragraph 19 to the extent they are inconsistent with its answer.

20.     That Judith M. Schubert was hospitalized on February 9, 2007, March 4, 2007, April 13, 2007 and received medical treatment for various different ailments and incurred medical expenses in excess of $100,000.00.

**ANSWER:**     AMERICAN FAMILY admits, on information and belief, that Judith M. Schubert was hospitalized on February 9, 2007, March 4, 2007, and April 13, 2007 and received medical treatment and incurred medical expenses in excess of $100,000.00. Further answering, AMERICAN FAMILY states it properly paid the maximum benefit for those medical expenses in accordance with the terms of policy number 12E 13005-01-IL. AMERICAN FAMILY denies the remaining allegations of paragraph 20 to the extent they are inconsistent with its answer.

21.     That the American has limited its payments to $100,000.00 on the basis that the expenses referred to in paragraph 20 were all for the same **condition.** (See American Family Insurance Group letter dated September 17, 2007 and marked Exhibit "D").

**ANSWER:**     AMERICAN FAMILY admits that it properly limited its payments to $100,000.00 under the terms of policy number 12E 13005-01-IL, on the basis that the expenses referred to in paragraph 20 were all for the same covered sickness, and that the letter attached to Plaintiff's Complaint at Law as Exhibit D contains the phrase "same condition." AMERICAN

FAMILY denies the allegations of paragraph 21 to the extent they are inconsistent with its answer.

22.   That each of the hospitalizations referred to in Paragraph 20 and the medical treatment received were a separate **"covered sickness"** as defined by the policy and the plaintiff is entitled to full payment according to the terms of the policy.

**ANSWER:**  AMERICAN FAMILY denies the allegations of Paragraph 22.

23.   That the plaintiff, Klaus Schubert, has become liable under the Family Expense Statute (750 ILCS 65/15) for all of the medical expenses that American has refused to pay.

**ANSWER:**   Because the allegations of paragraph 23 assert legal conclusions and not statements of fact, AMERICAN FAMILY makes no answer thereto.

WHEREFORE, Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby respectfully requests judgment in its favor and against Plaintiff on Count I of Plaintiff's First Amended Complaint at Law.

## COUNT II

1-23.   The plaintiff repeats and realleges paragraphs 1 through 23 as set forth in Count I as and for paragraphs 1 through 23 for Count II.

**ANSWER:**  AMERICAN FAMILY repeats and realleges its answers to Paragraphs 1 through 23 as set forth in its answers to Count I as and for its answers to Paragraphs 1 through 23 of Count II.

24.   That the defendant has committed acts that constitute improper claims practice all in violation of 215 ILCS 5/154.6 as follows:

8

    a. Knowingly misrepresented to its insured relevant facts or policy provisions relating to coverage at issue.

    b. Compelling its policyholder to institute a suit to recover amounts due under the policy.

    c. Refusing to pay claims under the policy without conducting a reasonable investigation.

    d. Failing to promptly provide a reasonable and accurate explanation of the basis for the denial of the plaintiff's claim.

**ANSWER:** AMERICAN FAMILY denies the allegations of Paragraph 24, including subparagraphs (a) through (d).

25. That the defendant's actions were vexatious and unreasonable.

**ANSWER:** AMERICAN FAMILY denies the allegations of Paragraph 25.

26. That the plaintiff is entitled to penalties and attorney's fees pursuant [*sic*].

**ANSWER:** AMERICAN FAMILY denies the allegations of Paragraph 26.

WHEREFORE, Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby respectfully requests judgment in its favor and against Plaintiff on Count II of Plaintiff's First Amended Complaint at Law.

    Respectfully submitted,

    CHITTENDEN, MURDAY & NOVOTNY LLC

    By:  s/ Craig M. Bargher
       Craig M. Bargher
       One of the Attorneys for Defendant
       AMERICAN FAMILY MUTUAL INSURANCE COMPANY

        303 W. Madison, Suite 1400
        Chicago, Illinois 60606
        (312) 281-3600
        312) 281-3678 (fax)
        cbargher@cmn-law.com
        Illinois Bar No.  6215735

O:\AM223 AmFamily\41128 - Schubert\Pleadings-federal\answer first amended complaint - cmb.doc

*Certificate of Service*

I hereby certify that on **April 24, 2008** I electronically filed the foregoing Defendant American Family Mutual Insurance Company's Answer to Plaintiff's First Amended Complaint at Law with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

    John L. Schroeder
    Carolyn A. Schroeder
    Schroeder & Schroeder
    1250 Executive Place, Suite 201
    Geneva, IL 60134
    jls@schroeder-lawfirm.com
    cas@schroeder-lawfirm.com

**DATED** this **24th** day of **April, 2008.**

    /s/ Craig M. Bargher
    Craig M. Bargher
    One of the Attorneys for Defendant
    AMERICAN FAMILY MUTUAL
    INSURANCE COMPANY
    303 W. Madison, Suite 1400
    Chicago, Illinois 60606
    (312) 281-3600
    312) 281-3678 (fax)
    cbargher@cmn-law.com
    Illinois Bar No. 6215735