**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KLAUS SCHUBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cv-1242 |
| | ) | |
| **AMERICAN FAMILY MUTUAL** | ) | Judge Aspen |
| **INSURANCE COMPANY,** | ) | Magistrate Judge Brown |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**AGREED QUALIFIED HIPAA PROTECTIVE ORDER**

Plaintiff, KLAUS SCHUBERT, and Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY ("AMERICAN FAMILY"), recognize the need to provide for the expeditious transfer of Protected Health Information ("PHI") to other parties and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI. To achieve these goals, and with the agreement of the Parties:

**IT IS ORDERED as follows:**

**DEFINITIONS**

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

1

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Signatories" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as a signatory of this qualified protective order.

## TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.

3. The Signatories agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary under HIPAA and the Privacy Standards only.

4. The Signatories either seek or agree to the release of PHI for the Parties and other persons involved in the care and treatment of Judith M. Schubert, deceased, from the covered entity or entities identified in interrogatory answers or supplemental disclosures, responses to document requests, or supplemental disclosures.

5. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this litigation.

6. The Signatories agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

7. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

8. The Signatories agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI during the course

of this lawsuit shall destroy said PHI or return it to the covered entity from which

      it obtained the PHI.

**DATED:**                          **ENTERED:**

June 9, 2008                  _____
                                              Judge

Craig M. Bargher
One of the Attorneys for Defendants
AMERICAN FAMILY INSURANCE GROUP and
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY
303 W. Madison, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
cbargher@cmn-law.com
Illinois Bar No. 6215735
SCHROEDER & SCHROEDER


John L. Schroeder
One of the Attorneys for Plaintiff
KLAUS SCHUBERT
1250 Executive Place
Suite 201
Geneva, IL 60134
(630) 262-9500
(630) 262-9535 (fax)
jls@schroeder-lawfirm.com

C:\Temp\notes6030C8\~9972095.wpd